UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00048-LLK

CARISA L. CHAPMAN                                                    PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42

U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability

benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 13 and 17. The parties

have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any

appeal lying before the Sixth Circuit Court of Appeals. (Docket # 9.)

The Administrative Law Judge (ALJ) found that Plaintiff is not disabled because she retains the

ability to perform a significant number of light, unskilled jobs in the national economy. (Administrative

Record (AR) at 32-33.) Because substantial evidence does not support the ALJ's finding that Plaintiff can

perform light work, the Court will REMAND this matter to the Commissioner for a new decision.

### Background fact and procedural history

On December 1, 2015, Plaintiff filed a claim for Social Security disability benefits. (AR at 21.)

On December 31, 2015, Plaintiff's treating APRN FNP-BC (advanced practice registered nurse,

family nurse practitioner, board certified), Michael L. Pendleton, Sr., wrote a "to whom it may concern"

letter regarding Plaintiff's disability claim. APRN Pendleton's opined that Plaintiff's neurological

conditions render her "not able to safely perform the most remedial or routine of tasks an employer might

ask from her." (AR at 1146.)

On May 18, 2016, neurophysiology lab director Amir Zia, M.D., performed electromyographic

(EMG) studies of the muscles of Plaintiff's upper and lower extremities. (AR at 1218.) The EMG studies

1

revealed the presence of: bilateral carpal tunnel syndrome and sensory predominant neuropathy in Plaintiff's lower extremities, but no evidence of cervical or lumbosacral radiculopathy. (*Id.*)

On May 23, 2016, the Commissioner's non-examining program physician, Sudhideb Mukherjee, found that Plaintiff has the ability to perform a limited range of medium work. (AR at 594-97.) Dr. Mukherjee based his opinion on the available medical evidence. However, there is no indication that Dr. Mukherjee was aware of Dr. Zia's EMG findings (obtained only days earlier).[1]

In June 2016, APRN Pendleton completed the Physical Capacities Evaluation form (a check-box form), finding that Plaintiff has maximal limitation in every functional area scored on the form. (AR at 1379.) For example, APRN Pendleton found that Plaintiff can sit, stand and/or walk 0 hours in an 8-hour workday; she can never lift any weight; she cannot use her hands for simple grasping, pushing, pulling, or fine manipulation; she cannot use her feet for repetitive movements (e.g., operating foot controls); and she can never bend, squat, crawl, climb, or reach above shoulder level. (*Id.*)[2]

In December 2017, a cervical MRI revealed the presence of: residuals from prior anterior fusion surgery at C5 through C7; at C5-C6, "left paracentral disc herniation/spur resulting in cord compression and central stenosis"; "multilevel hypertrophic discogenic disease with component of central stenosis suspected at C3-C4." (AR at 1542.)

In December 2017, a lumbar MRI revealed: "disc bulge at L4-L5 and disc protrusion at L5-S1 with facet arthropathy resulting in components of mild central stenosis." (AR at 1543.)

The ALJ found that Plaintiff has the ability to perform a limited range of light work. (AR at 26-27.) In so finding, the ALJ declined to give "any weight" to APRN Pendleton's medical/vocational conclusion of

---

[1] Plaintiff offers a detailed explanation of why it is highly unlikely that Dr. Mukherjee was aware of the EMG results. (Docket # 13 at 4.)

[2] Apparently, APRN Pendleton misread one question and checked that Plaintiff has "no" restriction regarding unprotected heights, being around moving machinery, exposure to marked changes in temperature and humidity, driving automotive equipment, and exposure to dust, fumes and gases, when he meant to check that Plaintiff has "total" restriction in these areas. (*Id.*)

Plaintiff's inability to safely perform even routine tasks and gave "minimal weight" to APRN Pendleton's findings of maximal limitation on the physical assessment form because the finding are not "well supported by the record as a whole." (AR at 31 referencing AR at 1146, 1379.) The ALJ gave Dr. Mukherjee's findings, which allowed performance of medium work, "partial weight" but nevertheless "less [than complete] weigh because evidence received at the hearing level, including treatment records and imaging [i.e., the cervical and lumbar MRIs and the EMG], supports finding the claimant has severe physical impairments that warrant greater physical limitations" than found by Dr. Mukherjee. (AR at 30.)

The evidence after Dr. Mukherjee's opinion, which the ALJ cited as supporting a finding that Plaintiff is limited to light (as opposed to medium) work, consists of the cervical and lumbar MRI results and the EMG results noted above.

**Substantial evidence does not support the ALJ's finding that Plaintiff can perform light work.**

Substantial evidence supported the ALJ's finding that APRN Pendleton's findings were too limiting and that Dr. Mukherjee's findings were insufficiently limiting. However, in rejecting the findings of these medical sources, the ALJ effectively rejected **_every_** medical opinion in the administrative record regarding what Plaintiff can do (physically) despite her impairments and improperly found, based on his own lay interpretation of the MRI and EMG evidence, that Plaintiff can perform light work.

"ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Comm'r*, 98 F.3d 966, 970 (7th Cir. 1996)). "As a lay person, ... the ALJ was simply not qualified to interpret raw medical data in functional terms." *Rudd v. Comm'r*, 531 F. App'x 719, 726 (6th Cir. 2013) (quoting *Nguyen v. Comm'r*, 172 F.3d 31, 35 (1st Cir. 1999)).

This and other courts have held that application of the rule against "playing doctor" is particularly apt when an ALJ relies on his/her own lay interpretation of imaging (e.g., MRI) studies when formulating a claimant's residual functional capacity (RFC). *See e.g. Childress v. Comm'r*, No. 1:16-CV-00119-HBB, 2017

WL 758941, at *5 (Feb. 27, 2017 W.D. Ky.) (The ALJ impermissibly "made [an RFC] determination without any medical source statement in the record addressing the raw medical data from the MRIs."); *Deskin v. Comm'r*, 605 F.Supp.2d 908, 913 (N.D. Ohio 2008) ("The extensive MRI findings of diffuse and substantial degenerative disc disease throughout Deskin's spine provide objective medical evidence that compels the need for the opinion of a medical source to [assist] in the translation of the raw medical data here into functional limitations.").

Light work generally requires a good ability to stand/walk. Specifically, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday, with sitting occurring intermittently during the remaining time. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-6. The ALJ lacked the medical expertise to find that, notwithstanding MRI evidence of "disc bulge at L4-L5 and disc protrusion at L5-S1 with facet arthropathy resulting in components of mild central stenosis" (AR at 1543) and EMG evidence of sensory predominant neuropathy in the lower extremities (AR at 1218), Plaintiff can stand/walk sufficiently to perform light work.

Additionally, light work generally requires good use of the upper extremities, including gross use of the hands to grasp, hold, and turn objects. SSR 83-14, 1983 WL 31254, at *4. As noted above, there was MRI evidence of residuals from prior anterior fusion surgery at C5 through C7; at C5-C6, "left paracentral disc herniation/spur resulting in cord compression and central stenosis"; and "multilevel hypertrophic discogenic disease with component of central stenosis suspected at C3-C4" (AR at 1542), and there was EMG evidence of bilateral carpal tunnel syndrome (AR at 1218). The ALJ lacked the expertise to find that the foregoing findings allowed Plaintiff good use of her upper extremities.

**The Commissioner's arguments are unpersuasive.**

For the reasons detailed above, substantial evidence does not support the ALJ's finding that Plaintiff has an RFC to perform light work. In this regard, the Commissioner makes two well-taken but ultimately unpersuasive arguments. First, the Commissioner argues that "an ALJ's decision can still be

supported by substantial evidence even if there is no medical source opinion that directly supports the ALJ's RFC finding."  (Docket # 17 at 4.)  There is no bright-line rule that an ALJ's RFC finding requires or does not require a supporting medical opinion.  *See Sadler v. Comm'r*, No. 18-11689, 2019 WL 4892419, at *6 (E.D. Mich. Aug. 16, 2019) ("There is no "brightline rule that medical opinions must [always] be the building blocks of the [ALJ's] RFC.").  "In a limited number of instances, where the medical evidence shows comparatively little physical impairment, an [ALJ] may be able to make a commonsense determination about a claimant's [RFC]" based solely on non-medical factors such as daily activities.  *See Childress v. Comm'r*, No. 1: 16-CV-00119-HBB, 2017 WL 758941, at *4 (W.D. Ky. Feb. 27, 2017) (collecting authorities). However, in most cases, where there is more than little impairment, "[c]ritical to the [RFC] finding are medical source statements expressing medical opinions regarding functional limitations caused by the claimant's physical or mental impairments."  *Id.* (citing 20 C.F.R. §§ 404.1513(c), 404.1527, 404.1529, 404.1545(a), 404.1546).  As in *Childress*, the ALJ's RFC finding based on his/her own lay interpretation of the MRI and EMG evidence does not qualify as a proper, commonsense determination based solely on non-medical factors.

Second, the Commissioner argues that the ALJ had "discretion [to determine] whether additional [medical opinion] evidence [was] necessary," and the ALJ properly determined that such evidence was not necessary.  (Docket # 17 at 5.)  "While the [ALJ] has discretion whether to order a consultative examination, or to call a medical expert at the hearing …, the [ALJ's RFC] finding must be supported by substantial evidence in the administrative record."  *Childress v. Comm'r*, No. 1: 16-CV-00119-HBB, 2017 WL 758941, at *4 (W.D. Ky. Feb. 27, 2017).  In other words, while the ALJ may have had discretion to reject every medical opinion regarding what Plaintiff can still do despite her impairments and formulate his/her own RFC finding based on his/her lay interpretation of the imagining studies, the ALJ's exercise of discretion did not immunize the ALJ's finding from judicial (substantial-evidence) review.

**ORDER**

       Because substantial evidence does not support the ALJ's finding that Plaintiff can perform light work, this matter is hereby REMANDED to the Commissioner for a new decision and any further administrative proceedings deemed necessary and appropriate by the Commissioner.

Lanny King, Magistrate Judge
United States District Court

December 17, 2019